**Frances HARRIS, Enrolled member of the Crow Tribe of Indians, Montana, Plaintiff–Appellant,**

v.

**Edward PARISIAN; et al., Defendants–Appellees.**

No. 07–35740.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Frances Harris, Billings, MT, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Leif Johnson, Office of the U.S. Attorney, Ronald R. Arneson, Esquire, Billings, MT, Urban J. Bear Don't Walk, Esquire, William C. Watt, Esquire, Crow Tribe Legal Department, Crow Agency, MT, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Frances Harris appeals pro se from the district court's judgment dismissing her action alleging deprivation of her federal constitutional rights in connection with the enactment of the 2001 Crow Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Atwood v. Fort Peck Tribal Court Assiniboine,* 513 F.3d 943, 946 (9th Cir.2008) (exhaustion of tribal remedies), *Commodity Futures Trading Comm'n v. Frankwell Bullion Ltd.,* 99 F.3d 299, 305 (9th Cir.1996) (waiver of sovereign immunity), and we affirm.

The district court properly dismissed Harris' claims against the tribal defendants because she failed to exhaust her tribal remedies. *See Atwood,* 513 F.3d at 948.

The district court properly dismissed Harris' claims against Parisian in his official capacity, the only claims challenged on appeal, because they are barred by sovereign immunity. *See Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir.1997) (explaining that the doctrine of sovereign immunity applies to federal employees acting within their official capacity, and any waiver of immunity must be "unequivocally expressed") (citation omitted).

Harris' remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

